```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF INDIANA
                    SOUTH BEND DIVISION
```

LISA STURGILL,              )
                            )
     Plaintiff,             )
                            )
   vs.                      )   Case No. 3:12-CV-511
                            )
HENNIGES AUTOMOTIVE,        )
                            )
     Defendant.             )

## OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss, filed by Defendant, Henniges Automotive, on September 20, 2012 (DE #5). For the reasons set forth below, the motion is **GRANTED** and the case is **DISMISSED WITH PREJUDICE.**

BACKGROUND

Plaintiff, Lisa Sturgill, acting as a pro se Plaintiff at the time (who is currently represented by counsel), filed her complaint on August 20, 2012, in the Wabash Superior Court (the "State Court"). The Complaint states Sturgill seeks: "the below amount from when I was employed at GDX Automotive Wabash Indiana for the unclaimed retention bonus from January 4, 2008," and Plaintiff sought judgment against Defendant for $4,801.23 and Court costs of $79. (DE #1.)

Defendant filed a notice of removal on September 13, 2012 (DE

#2).  Defendant alleges Plaintiff's claim arises from a Plant Closure Agreement negotiated in 2007 between GDX Automotive North America ("GDX") and the Local No. 626 chapter of the United Steelworkers, AFL-CIO, CLC, the labor organization that represented Plaintiff.  Therefore, it removed the case on the basis of a federal question under 28 U.S.C. § 1331.  (DE #2, ¶ 3.)  The Plant Closure Agreement was attached as Exhibit B to the Defendant's notice of removal.

The Plant Closure Agreement provided that retention bonuses would be paid to eligible employees on January 4, 2008 or through the first regular payroll after their termination, whichever was later.  (DE #6, Ex. A, ¶ 10.)  Defendant Henniges is the successor to GDX's obligations under the contract.  The Agreement required any dispute regarding the application or interpretation of the Agreement to be communicated to the other party within 30 days after the party should reasonably have become aware of the existence of any such dispute.  (DE #6, Ex. A, ¶ 26.)  Any dispute the parties were unable to resolve would be submitted to mandatory arbitration pursuant to the rules of the Federal Mediation and Conciliation Service ("FMCS").  *Id.*

Defendant Henniges moves to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  It argues that the 2-year statute of limitations relating to the employment actions at issue has expired, and that Plaintiff is bound by the

contract to settle disputes concerning her retention bonus through arbitration.

In response, Plaintiff moves to remand this case back to the State court. She contends in her brief that GDX (now Henniges) provided her with a 2008 W-2 and Earnings Summary showing it had paid Sturgill $4,817.92, but she was never provided this payment. (DE #9, pp. 1-2.) She argues Henniges knew or should have known the payment was not provided to Sturgill, and that they intended to deceive her. (*Id.*, p. 2.) Plaintiff characterizes her case as a claim for fraud, not brought under a federal statute, which should be remanded back to State court. Having been fully briefed, this matter is ripe for adjudication.

DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted); *see also Ray v. City of Chicago*, 629 F.3d 660, 662-63 (7th Cir. 2011) ("While the federal pleading standard is quite forgiving . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").

A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove

no set of facts in support of his claim which would entitle him to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Plus, *Iqbal* requires that a plaintiff plead content which allows this Court to draw a reasonable inference that the defendant is liable for the alleged misconduct. 556 U.S. at 678.

Although a Court generally may only consider the plaintiff's complaint when ruling on a 12(b)(6) motion to dismiss, an exception is made for cases concerning contract interpretation. *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). In those cases, the contract is "considered part of the pleadings" as it is "central to [Plaintiff's] claim." *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). Here, Plaintiff referred to the "unclaimed retention bonus" in her complaint, and because the Plant Closure Agreement specifically provides for that bonus, the Court will consider that Agreement.

Plaintiff tries to characterize her claim as one for fraud – arguing there is no federal labor law question, her claim is not time barred, and she was under no obligation to exhaust the grievance and arbitration procedure contained in the plant agreement. Her arguments fail.

This Court concurs with Henniges that federal labor law applies to Sturgill's claim. Section 301 of the LMRA states:

> Suits for violation of contracts between an
> employer and a labor organization representing

4

> employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). It is well settled that section 301 preempts any state cause of action for violation of a contract between an employer and a labor organization (i.e., a collective bargaining agreement). *Franchise Tax Bd. of State of California v. Constr. Laborers Vacation Trust for Southern California,* 463 U.S. 1, 23 (1983). "Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301." *Id.* Because "[t]he dimensions of § 301 require the conclusion that substantive principles of federal labor law must be paramount in the area covered by the statute," *Local 714, Teamsters, Chauffeurs, Warehousemen and Helpers of Am. v. Lucas Flour Co.*, 369 U.S. 95, 102 (1962), "[s]tate law is [] 'pre-empted' by § 301 in that only the federal law fashioned by the courts under § 301 governs the interpretation and application of collective-bargaining agreements." *United Steelworkers of Am. v. Rawson*, 495 U.S. 362, 368 (1990).

Moreover, Sturgill's attempt to characterize her claim as one for fraud also fails. First, the complaint does not mention fraud, much less allege the necessary elements of fraud to defeat a motion to dismiss, nor does Plaintiff's brief provide sufficient facts.

5

"Furthermore, to prevent clever litigants from evading § 301's broad preemptive force by recasting contract claims as claims brought under state tort law, § 301 preempts tort claims as well[.]" *Smith v. Colgate-Palmolive Co.*, 943 F.2d 764, 768 (7th Cir. 1991) (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985)). Collective bargaining agreements generally provide for grievance and arbitration procedures, and, barring certain exceptions, grievance and arbitration is the employee's only remedy for a breach of the agreement. "To escape the exclusivity of the contractual remedies, employees frequently attempt to avoid federal law by basing their complaint on state law, disclaiming any reliance on the provisions of the collective bargaining agreement." *Smith v. Colgate-Palmolive Co.*, 752 F. Supp. 273, 276 (S.D. Ind. 1990). In *Lueck*, the Court reasoned that:

> [Q]uestions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by reference to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort. Any other result would elevate form over substance and allow parties to evade the requirements of § 301 by relabeling their contract claims as claims for tortious breach of contract.

*Lueck*, 471 U.S. at 211. Tort claims are preempted where "evaluation of the tort claim is inextricably intertwined with consideration of the terms of the labor contract." *Id.* at 213; *see*

6

*also Lingle v. Norge Div. Of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988) (holding that preemption occurs when a plaintiff's state law claim "requires the interpretation of a collective-bargaining agreement.").

In considering whether Sturgill's alleged state tort claim of fraud requires interpretation of the Agreement, the Court must first examine the state tort law claim. To plead actual fraud under Indiana law, a plaintiff must set forth the following elements: "(1) a material misrepresentation of past or existing fact by the party to be charged which (2) was false, (3) was made with knowledge or in reckless ignorance of the falsity, (4) was relied upon by the complaining party, and (5) proximately caused the complaining party injury." *Jarvis Drilling, Inc. v. Midwest Oil Producing Co.*, 626 N.E.2d 821, 825 (Ind. Ct. App. 1993).

The proper test is whether "the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement" or, in other words, "requires the interpretation of a collective-bargaining agreement." *Lingle*, 486 U.S. at 405-06, 413. In this case, it is clear that the resolution of Sturgill's fraud claim does indeed require interpretation of the collective bargaining agreement. The Agreement provided that retention bonuses would be paid to eligible employees on January 4, 2008 or through the first regular payroll after their termination, whichever was later. (DE #6, Ex. A, ¶ 10.) The Agreement required

any dispute regarding the application or interpretation of the Agreement to be communicated to the other party within 30 days after the party should reasonably have become aware of the existence of any such dispute, and any dispute the parties were unable to resolve would be submitted to mandatory arbitration pursuant to the rules of the Federal Mediation and Conciliation Service ("FMCS"). (DE #6, Ex. A, ¶ 26.) Whether Sturgill was entitled to the retention bonus, and whether the company wrongfully withheld the bonus, is inextricably intertwined with the terms of the Agreement, which establishes who is entitled to the bonus.

Therefore, Sturgill's fraud claim is preempted by the LMRA. *See Smith*, 943 F.2d at 769-70 (holding fraud claim preempted under Section 301 of the LMRA). Accordingly, the case does indeed involve a federal question and it was properly removed to this Court.

Section 301 of the LMRA does not contain a specific statute of limitations period. However, Courts have borrowed the most closely analogous statute of limitations period from state law. *See Int'l United Auto. Workers of Am. v. Hoosier Cardinal Corp.*, 383 U.S. 696, 703-04 (1966). Indiana has a two-year statute of limitations for "[a]n action relating to the terms, conditions, and privileges of employment . . . (including, but not limited to, hiring or the failure to hire, suspension, discharge, discipline, promotion, demotion, retirement, wages, or salary.)". Ind. Code § 34-11-2-1.

8

The Seventh Circuit has held that "Indiana's two-year statute of limitations applies to § 301 cases brought to enforce contractual obligations contained in a collective bargaining agreement." *Jones v. General Elec. Co.*, 87 F.3d 209, 212 (7th Cir. 1996); Ind. Code § 34-11-2-1.

Plaintiff pleads in her complaint that the retention bonus she is seeking was "from January 4, 2008." (DE #1.)  The Agreement itself provides that the bonus was payable in January 2008.  (DE #6, Ex. A, ¶ 10.)  The applicable 2-year statute of limitations required Plaintiff to file her suit by January 2010; thus, her complaint filed on August 20, 2012, is more than 2 years late. Moreover, the Agreement provided for a mandatory grievance and arbitration procedure to resolve disputes (*Id.* ¶ 26), and Plaintiff failed to comply with that procedure.  As such, Sturgill's claim fails to state a claim for which this Court can provide relief.

CONCLUSION

For the aforementioned reasons, the Motion to Dismiss, filed by Defendant, Henniges Automotive, on September 20, 2012 (DE #5), is **GRANTED** and the case is **DISMISSED WITH PREJUDICE.**


**DATED: December 4, 2012**              /s/ RUDY LOZANO, Judge
                                         **United States District Court**